UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x

In re:

     CARMEN BRINK,

             Debtor.

--------------------------------------------------------x

Chapter 13

Case No. 22-40780-206

### OBJECTION OF CREDITOR STATEN ISLAND VENTURES LLC TO DEBTOR'S INITIAL STATEMENT ABOUT AN EVICTION JUDGMENT

TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:

     **STATEN ISLAND VENURES LLC** ("Landlord") the owner and landlord of the real property commonly referred to as **21-36 28th Street, Astoria, New York 11105** (the "Premises"),  by its attorneys **The Rosenfeld Law Office** makes this application for an order (a) rejecting **CARMEN BRINK'S** (the "Debtor") Initial Statement About an Eviction Judgment on the grounds that the statements contained therein are false and misleading, (b) directing the Debtor to immediately vacate and surrender the Premises since the Warrant of Eviction was issued pre-petition, or allow Landlord, under the supervision and with the assistance of the U.S. Marshal, to evict the Debtor from the Premises; (c) alternatively, annulling or vacating the automatic stay for good cause shown, to allow Landlord to complete the eviction of the Debtor pursuant to the Warrant of Eviction; and (d) for such other and further relief as this Court deems just and proper.  Landlord respectfully sets forth and alleges as follows:

### JURISDICTION

     1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2.      Venue in this proceeding is proper and this Motion is proper in this district pursuant to 28 U.S.C. §§1408 and 1408.

**<u>Background</u>**

3.      During the period February 2020 through August 2020, Landlord acquired all of the interests in the Premises from the heirs of the late Catherine Farrell.  Copies of the deeds by which Landlord Acquired the Premises are attached to the accompanying Affirmation of Avinoam Y. Rosenfeld, Esq. (the "Rosenfeld Aff.") as Exhibit "A".

4.      At the time the Landlord acquired the Premises, there were thought to be seven tenants living at the property under prior lease agreements that had expired – none of whom were paying rent.  After service of a Notice to Quit, on or about August 11 2020, the Landlord a holdover proceeding (the "Holdover Proceeding"[1]) against the tenants of the Premises, including the Debtor, in order to compel them to vacate the Premises.  A copy of the petition filed in the Holdover Proceeding is attached to the Rosenfeld Aff. as Exhibit "B".

5.      None of the Respondents in the Holdover Proceeding filed on Answer or even appeared.  Accordingly, on or about October 27, 2021, Landlord, in compliance with the COVID-19 Emergency Eviction and Foreclosure Prevention Act, moved the court for an Order scheduling a conference/inquest/hearing at which it would request a judgment of possession and a warrant of eviction.

6.      None of the respondents in the Holdover Proceeding, including the Debtor, appeared at the conference/inquest/hearing held on November 10, 2021.  The court conducted a hearing at which Landlord presented testimonial and documentary evidence.  At the conclusion

---

[1] <u>Staten Island Ventures LLC v. Clarke, et al.,</u> (Index No. LT-56404-20-QU, Civ. Ct., Queens County)

of the hearing, the court reserved judgment.

7.      By Decision & Order Dated January 6, 2022 (the "D&O"), entered on January 18, 2022, the court in the Holdover Proceeding awarded possession to the Landlord.[2]  A copy of the D&O is attached to the Rosenfeld Aff. as Exhibit "C".

8.      After the debtor was served with Notice of Entry of the D&O, she finally appeared in the Holdover Proceeding by filing a Post-Eviction Order to Show Cause (the "OSC") in which she sought reinstatement to the Premises.  By Interim Order dated February 25, 2022 (the "Interim Order"), the court in the Holdover Proceeding adjourned Debtor's OSC to February 28, 2022, confirmed that the Landlord was still in legal possession of the Premises and that the Debtor appear with on February 28, 2022, with an attorney.  A copy of the Interim Order is attached to the Rosenfeld Aff. as Exhibit "D".

9.      On February 28, 2022, the Debtor appeared with counsel, as did the Landlord, in Queens County Housing Court.  The parties, through their attorneys worked out a settlement that would allow the Debtor to remain at the Premises until August 31, 2022.  The settlement was contingent on several conditions, including, but not limited to, the Debtor paying the Landlord $1,850 each month for use and occupancy of the Premises.

10.     The parties' agreement was memorialized in a Stipulation of Settlement dated February 28, 2022 (the "Stipulation") that was signed by all parties and "So Ordered" by the court.  A copy of the Stipulation is attached to the Rosenfeld Aff. as Exhibit "E".

11.     The Stipulation provided that in the event Debtor failed to comply with the terms

---

[2] The D&O specified that a judgment if possession would not be issued until the Landlord submitted valid proof of non-military service for all respondents; such proof was submitted to the court on December 16, 2021 – after the hearing but prior to the issuance of the D&O.  The court was unaware of Landlord's December 16, 2021 submission prior to the issuance of the D&O.

of the Stipulation a warrant of eviction could be issued:

> Upon default of any term or condition of this Stipulation, the Warrant may be executed after service of Marshal's notice by mail.

Stipulation, Exhibit "E" to Rosenfeld Aff.

12.    The Debtor failed, almost immediately, to comply with the terms of the Stipulation and a Warrant of Eviction was issued.

13.    On or about March 18, 2022, Debtor filed a frivolous lawsuit against the Landlord in Supreme Court, Queens County, alleging unlawful eviction and deed fraud (the Debtor was never an owner of the Premises) (the "Frivolous Action").[3]  At the time she filed the Frivolous Action, Debtor also filed a Notice of Pendency against the Premises. Copies of the Summons and Complaint and the Notice of Pendency are attached as Exhibits "F" and "G" respectively to the Rosenfeld Aff.[4]

14.    On or about April 14, 2022, Debtor filed the Petition in this case.  Debtor's initial filing can only be described as "bare-boned"; few if any of the required schedules were submitted along with the Petition.  The one document that was Debtor was sure to file was Official Form 101A – "Initial Statement About an Eviction Judgment Against You" (the "Form 101A", a copy of which is attached to the Rosenfeld Aff. as Exhibit "H").

15.    By signing the Form 101A, Debtor certified, under the penalty of perjury, that:

> Under the state or other nonbankruptcy law that applies to the judgment of possession (*eviction judgment*), I have the right to stay in my residence by paying my landlord the entire delinquent amount.

---

[3] <u>Brink v. Staten Island Ventures LLC</u>, Index No. 302/2022, Sup. Ct., Queens County.
[4] The Court should take note of the fact that when the Petition in this case was filed, Debtor did not disclose the existence of the Frivolous Action.

Form 101A, Exhibit "H" to the Rosenfeld Aff.

16.     Debtor's certification is demonstrably false.  As set forth above, the Stipulation pursuant to which the Warrant of Eviction was stayed was very clear in stating that in the event Debtor defaulted on any of her obligations, the Warrant of Eviction would no longer be stayed, and Debtor was subject to eviction.  The court in Holdover Proceeding had already awarded possession of the Premises to the Landlord.  Accordingly, Debtor's tenancy was terminated prior to her filing a bankruptcy petition.

17.     On or about May 19, 2022, the Trustee in this case moved to have this case dismissed based on Debtor's (i) failure to submit monthly pre-confirmation payments, (ii) failure to provide and/or file documents, and (iii) failure to appear, and/or, be examined at § 341 meeting of creditors.

18.     While the Trustee's motion to dismiss is likely to be granted, that will not be for a few weeks and the Landlord cannot wait that long.  The automatic stay imposed by the filing of the Petition in this case precludes the Landlord from taking any action to have the Notice of Pendency filed by the Debtor in the Frivolous Action canceled.  The Notice of Pendency creates a cloud on the Landlord's title to the Premises and prevents it from using the Premises as collateral or putting it up for sale.  Accordingly, Landlord requires immediate relief in the form of having the automatic stay lifted.

## **Relief Sought**

19.     Simply put, since the Debtor's tenancy rights have been terminated, and since Debtor's continued occupancy of the Premises prejudices the Landlord, the Debtor should be directed to vacate and surrender the Premises.  Debtor's last-minute filing, after the issuance of

the Warrant of Eviction and its imminent service, to avoid the effect of the Warrant should not be countenanced.   Such action plainly violates, and is contemptuous of the laws of this State. Therefore, this Court should order the Debtor to immediately vacate and surrender the Premises. This Court should authorize the U.S. Marshall's Office to effectuate such surrender.  Landlord is being prejudiced in that he is unable to perform renovations that are necessary to make the Premises marketable for new tenants and/or purchasers.

20.     Alternatively, annulling and/or modifying the automatic stay would deny the Debtor any benefit from her improper action in invoking the automatic stay and thus allow the Landlord to proceed, without the need to recommence the eviction process in the event this Court does not direct the United States Marshal's Service, to effect the eviction. Thus, annulment and/or modification of the automatic stay would prevent the Debtor from achieving her goal of delaying recovery of possession by the Landlord of the Premises.  In view of the Debtor's actions and the Debtor's contemptuous conduct by filing this case solely to thwart the Landlord's legitimate right to evict the Debtor, the Landlord respectfully suggests that it would be appropriate in this case to direct the United States Marshal's Service to execute upon the Warrant and immediately effectuate the dispossession of the Debtor from the Premises, or grant it relief to complete the eviction utilizing the measures authorized under New York State law.

21.     Accordingly, it is imperative that the Landlord be granted the relief requested herein, i.e., an order directing the surrender of the Premises or the use of the United States Marshall's Service (or other authorities or entities), to effectuate the eviction and execute the Warrant.   Landlord submits that the time has come to end Debtor's ill-advised occupation/control of the Premises and the use of the U.S. Marshall's Service is the most expeditious way to ensure the integrity of any orders entered by this Court regarding the Debtor's

tenancy.  It is clear that the sole purpose of the filing of this case was to interfere with the eviction process.

22.    Alternatively, by the instant motion, Landlord seeks either the annulment of the automatic stay as of the Petition Date, or modification of the automatic stay, so as to permit it to take any and all steps necessary to complete the eviction, including the execution of the Warrant issued in the Holdover Proceeding.

23.    Section 362 (d) of the Bankruptcy Code provides for relief from the automatic stay upon specified circumstances.  That section provides, in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) <u>for cause</u>, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section if-
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization; or

11 U.S.C. §362(d)(emphasis added).

14.    Under the laws of the State of New York, the issuance of the warrant of eviction terminates the Debtor's tenancy. <u>See</u>, N.Y. Real Prop. L § 749(3); <u>Bell v. Alden Owners, Inc.</u>, 199 B.R. 451, 458 (S.D.N.Y. 1996); <u>In re Hudson Transfer Group, Inc.</u>, 245 B.R. 456, 458 (Bankr. S.D.N.Y. 2000).  In this case, the Warrant was issued approximately two months prior to

the commencement of this proceeding.  Thus, at the time of the filing of the Debtor's bankruptcy

petition, the relationship between the Landlord and the Debtor had already been terminated.

24.    A bankruptcy petition does not revive a terminated leasehold. In re Island

Helicopter, Inc., 211 B.R. 453, 463 (Bankr. E.D.N.Y. 1997); Bucknell Leasing Corp. v. Darwin

(In re Darwin), 22 B.R. 259, 262 (Bankr. E.D.N.Y. 1982); In re Hudson Transfer Group, Inc. at

458. Debtor does not even have a possessory interest any longer in the Lease, as the Warrant

terminated that right as well.  The extinguishment of the Debtor's tenancy constitutes "cause" for

the annulment and/or modification of the automatic stay to permit the Landlord to complete its

recovery of possession of the Premises.

25.    Leaseholds completely terminated pre-petition, as in this case, should not even be

considered property of the estate because there is not any legal or equitable interest of a debtor in

such a lease after termination (citations omitted).  Since the issuance of the Warrant ends the

Debtor's tenancy, clearly, the Debtor has no equity in the Premises, and as such cannot be

utilized by this Debtor for reorganization in this case.

### Cause Exists for Relief from Stay

26.    As set forth above, the resolution of the Holdover Proceeding conclusively

determined that the Debtor's rights with regard to the Premises had been extinguished by the

issuance and subsequent release of the Warrant.  Because, as of the filing date of this Chapter 13

proceeding, the Debtor had no right, title or interest in the Premises, the Landlord is entitled to

the relief sought herein.

27.    Generally, the extent of a debtor's leasehold interest, if any, is a matter of state

law.  See, Butner v. United States, 440 U.S. 48 (1979) *further citations omitted.* Thus, the

bankruptcy court is to look to state law to determine whether a lease has been terminated before

the commencement of a debtor's case under the Code and to the extent of a debtor's remaining

interest, if any, under a lease[5].  In re: Joker Enterprises, 1995 WL 626372 (Bankr. S.D.N.Y.

1995).  Under New York law, leases are ordinarily terminated under properly drafted termination

clauses, whether written as conditional limitations or otherwise and/or by the invocation of state

court procedures.  The Debtor's rights were determined by the commencement and completion

of the Holdover Proceeding, and the issuance of the Warrant and the release of the Warrant.

28.     Termination of the landlord/tenant relationship prior to the commencement of the

bankruptcy case constitutes "cause" for relief from the automatic stay.  Bell v. Alden Owners

Inc., 199 B.R. 451 (S.D.N.Y. 1996); In re Eclair Bakery Ltd., 255 B.R. 121 (Bankr. S.D.N.Y.

2000); In re Huffman, 171 B.R. 649 (Bankr. W.D. Mo. 1994).   Suffice it to say, there is no

clearer finding of "cause" then the issuance of the Warrant in this case.

29.     The Landlord respectfully submits that the pre-petition issuance of the Warrant

therefore constitutes cause under Section 362(d)(1) to annul and/or modify the automatic stay

and permit the Landlord to take the necessary actions to complete the eviction of the Debtor

from the Premises.

30.     While "cause" is not defined in the Bankruptcy Code, the U.S. Court of Appeals

for the Second Circuit has adopted twelve factors to be considered when deciding whether to

modify the automatic stay.  See, In re Sonnax Industries, Inc., 907 F.2d 1280 (2nd Cir. 1990)

(quoting In re Curtis, 40 B.R. 795, 799-800 (Bankr. D. Utah 1984)); See, also, In re Burger Boy,

Inc., 183 B.R. 682, 688 (S.D.N.Y. 1994).  The Curtis factors discussed in Burger Boy are:

---

[5] While the Debtor did not have a written lease with the Landlord, the law set forth below should be applied.  A party without a formal lease cannot have rights any greater than a party that has a written lease.

1)  Whether relief would result in a partial or completed resolution of the issues;
2)  Lack of any connection with or interference with the bankruptcy case;
3)  Whether the other proceeding involves the debtor as a fiduciary;
4)  Whether a special tribunal with the necessary expertise has been established to hear the cause of action;
5)  Whether the debtors' insurer has assumed full responsibility for defending it;
6)  Whether the action primarily involves third parties;
7)  Whether the litigation in another forum would prejudice the interests of other creditors;
8)  Whether the judgment claim arising from the other action is subject to equitable subordination;
9)  Whether Movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
10) The interests of judicial economy and the expeditious and economical resolution of litigation;
11) Whether the parties are ready for trial in the other proceeding; and
12) Impact of the stay on the parties and the balance of harms.

<u>Burger Boy</u>, at 687.

31.    Upon review of these factors, there is sufficient weight in favor of a modification of the automatic stay on behalf of the Landlord in this case.  Such relief will result in a complete resolution of the issues involved since the Landlord will be able to complete the eviction in the specialized court established in this state for such matters.

32.    Landlord submits that since the Warrant was released, the Debtor had no interest in the Premises as of the Petition Date.  Since the issuance of the Warrant ended the Debtor's interest in the Premises, clearly, the Debtor has no equity since his interests were terminated and clearly no reorganization is possible in this case.  Thus, relief under Section 362(d)(2) of the Bankruptcy Code is appropriate and justified as well.

33.    As set forth above, Debtor's rights in the Premises were determined pre-petition, prior to the filing of this case by the issuance and release of the Warrant.

34.     For the foregoing reason, the Landlord respectfully submits that relief from the automatic stay is appropriate and justified under Sections 362(d)(1) and (d)(2), and the Court should enter an order annulling and/or modifying the automatic stay and authorizing the Landlord to take all necessary actions to complete the eviction of the Debtor.

35.     It is abundantly clear that Debtor filed his bankruptcy petition for the sole purpose of frustrating the Landlord's ability to take possession of the premises.  Indeed, Debtor has displayed complete disregard for the Bankruptcy Code.

36.     The Landlord respectfully requests that this Court put an end to the Debtor's misguided attempt to delay the eviction by the filing of this case which was aimed solely at invoking the stay to frustrate the Landlord's legitimate attempts to dispossess the Debtor. Accordingly, the Debtor must be directed to surrender, or this Court should order the Marshal's office to evict, and/or modify the stay to allow the Landlord to complete the eviction.

37.     No prior application for the relief sought herein has been requested before to this or any other Court.

**WHEREFORE,** the Landlord respectfully requests that the Court issue an order which directs Debtor to vacate and surrender the Premises, authorizes it to use the U.S. Marshall's assistance to effectuate such an Oder, or alternatively, annul and/or modify the automatic stay *nunc pro tunc* to the Petition Date as it relates to Premises, to permit the Landlord

to exercise its rights to right to recover possession of the Premises by executing on the Warrant,

and grant such other and further relief as may be just and proper under the circumstances.

Dated: Lawrence, New York
       June 7, 2022

                              THE ROSENFELD LAW OFFICE

                              By: _____
                                     Avinoam Y. Rosenfeld
                              *Attorneys for Staten Island*
                                *Ventures LLC*
                              156 Harborview South
                              Lawrence, New York 11559
                              Phone: (516) 547-1717
                              Email: aviyrosenfeld@aol.com